Bradley, J.
The will of Susan Oobb, deceased, was offered for probate and duly proved. And upon the petition of Sally E. Ludlum, the residuary legatee in the will, the question of the construction and effect of the eighth clause of the will was brought to the attention of the surrogate’s court.
Nancy S. Holman, another legatee of the will, and whose interest was adverse to that of Ludlum upon, the question, answered the petition The eighth clausels as follows:
“I give, devise and bequeath all my household furniture, wearing apparel and jewelry to Sally E. Ludlum and Nancy S Holman, to be distributed as I may designate and direct them while living.”
The court below held that this clause was void, and that the property embraced within its terms went to the residuary legatee under the seventh clause, by which the testatrix gavo all the residue and remainder of her estate to Sally E. Ludlum. If the surrogate was right in his determination that the eighth clause was void, the other conclusion properly followed as the result. Matter, etc., of Benson, 96 N. Y., 500, 510. The provision of this clause furnishes another illustration of such use of words in a will as to render doubtful the purpose, very simple in character, which a testator seeks to express. The view of the surrO' gate was, and such is the contention on the part of the respondent here, that the intention of the testatrix was to’ give the property to the persons named as trustees merely, and to make such distribution of it amongst others as she should in her lifetime designate and direct, and that they took no beneficial interest in the property; while, on the other hand, it is insisted that the intention of the testatrix was to give the property to the persons named, and the direction for distribution had in view .related to the division between them, which the .testatrix desired to control, and therefore they took the property in question by this provision of the will. In aid of the interpretation of this portion of the will, reference may be made to all its parts, and to the relations between the testatrix and the other persons named in it, so far as they appear by its provisions. And here there is no evidence bearing upon such relations, or in respect to the character and quantity of the property referred to, other than that which the will itself furnishes. Nancy S. Holman was sister and Sally E. Ludlum niece of .the testatrix. She, by the will, first gave to *585 the sister $3,000. Then four small legacies, varying from $300 to $500, to that number of persons.
Then she devised the use of her cottage on Chautauqua Lake Sunday School Assembly Grounds to the sister during life, with privilege of occupation by the niece, who should take absolutely on the death of the sister, subject to the occupation of the Rev Mr Salsbury and his family. Then follow the seventh and eighth clauses before mentioned, and Sally E. Ludlum is nominated as executrix of the will. This sister and niece are the principal objects of the bounty of the testatrix, and it does not appear that she had any other relatives except a nephew, who is a legatee to the amount of $500. She also gives an adopted son a legacy of $400. The property mentioned in the eighth clause is of such character that it would hardly be expected that she would desire that it would go to strangers or to those who would not by reason of some relation be supposed to appreciate and preserve it. It consisted of furniture, wearing apparel and jewelry, and much of it very likely had its value in its association with the memory of the testatrix. This is only a circumstance relating to the usual and natural tendencies of the views of persons in the disposition on their death of articles of personal property of the character of those referred to, and may not be entirely excluded from consideration. Then in seeking for the method of expression in other portions of the will, it is seen that such is the uniformity that in the seven clauses preceding the eighth, the word “absolutely” is used in all instances to express the unqualified gift of legacies, whether of money or other property. And the omission of that word in the eighth clause was by the court below, and is by the respondent’s counsel here, deemed as a significant indication of purpose not to vest in the persons named title to this property. The manner of expression and the words used, so far as they are found systematically or uniformly applied to declare purposes like in character, are very properly referred to, and given consideration to aid; so far as they may in the interpretation and effect to be given to a phrase of uncertain import, and to see what, if any, aid in construction may be derived from the mode of expression in other portions of the instrument. With the light given by all that is found elsewhere in the will, attempt must be made to give the construction to this particular clause which will effectuate the purpose and intent of the testatrix.
She there says that she gives the property to this sister and niece. She does not in terms say that she gives_ it to them in trust, nor is it necessary that she should, if the purpose appears by .the words to have been such, but in the *586 same connection she adds, “ to be distributed as I may designate and direct them while living.” Amongst or be tween whom ?
It is true that if it was intended that the persons named should take as beneficiaries, more apt words may have been employed. But in the interpretation of expressions in wills, the precise or technical meaning of words in their application and grammatical construction cannot always be relied upon to support the purpose or intent of the testator It the intention had been to make third persons beneficiaries of the bequest, it is reasonable to suppose that the draftsman would have used words applying the term ‘‘ designate ” to other persons, although not named, rather than so using it that it might with equal facility be applied to the manner of distribution. The distribution that she should direct was to be made by the two persons mentioned. This did not require more than two distributees. And if the circumstances fairly indicate that such was her intention, this clause may be construed as making a bequest to the sister and niece of the property to be distributed by and between them in the manner she might direct.
We are inclined to think that that such was the purpose of the testatrix. She evidently did not intend that this property should go into the residuum of her estate, but after the residuary clause is inserted and following it is this bequest made, without which the niece would have taken all of the ornaments, clothing and furniture of the testatrix. It cannot well be supposed that this eighth clause was inserted with a view to transmit these things to strangers, or to persons with whom she had not intimate and affectionate relations. Those nearest to her in regard and esteem seem, by the will, to have been her sister and niece. And having by the residuary clause included all of this property in the bequest to her niece, it seems quite natural that she should desire that her sister should also be a recipient to some extent of those articles with which the testatrix had clothed and adorned her person and those with which had been associated her domestic and household duties and relations. And that the clause in question should be the product of such wish on her part. Then if the purpose had been to exclude those persons from the beneficial relation to such bequest, and to give the property to other parties, it is not very likely that she would put the duty upon both of them to make her directed distribution of the property, inasmuch as in that event no discretion would fall upon the trustees, but rather that she would have left the performance of that duty to the executrix of the will into whose possession the property would come as such representative. Then there was nothing remarkable in the desire on her part to desig *587 nate as between them the articles which. they should respectively take, as well to gratify preference as to the articles each should receive, as to obviate any question or difficulty that might otherwise arise between them. And believing, probably as she did, that respect and observance would be given to her direction in that regard.
By reason of this purpose to direct the manner of division -or distribution of this property between them, the omission of the word “absolutely” does not appear very significant.
We think there was no purpose of the testatrix to create a trust for the benefit of other parties, but that the fair construction of the eighth clause requires the conclusion that she intended by it to give the articles of property there mentioned to Sally E. Ludlum and Haney S. Hohnan. And this construction has the advantage of validity of the clause, while the other contended for would render it void. They take the property by this bequest, and because of the oinission to designate the manner which the property should be divided between them they have taken it as tenants in common.
The portion of the decree appealed from should be reversed and the decree modified accordingly.
Smith. P J and Haight, J., concur